UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| MICHELLE DAVIS ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | Civil No. 1:16-cv-3079 | |
| ) | | |
| TOYOTA MOTOR CREDIT CORPORATION, *et al.* ) | | |
| ) | | |
| Defendants. ) | | |
| ) | | |

## PLAINTIFFS' OPPOSITION TO DEFENDANT TOYOTA MOTOR CREDIT CORPORATION'S MOTION TO DISMISS

Plaintiff Michelle Davis ("Davis" or "Plaintiff"), by the undersigned counsel, submits this Opposition to Defendant Toyota Motor Credit Corporation's ("TMCC" or "Defendant") Motion to Dismiss.

### I. STATEMENT OF THE CASE

Davis was brutally attacked on October 21, 2013 on her own front yard by Charles Moor ("Moor") during an attempted repossession. ECF #7 at ¶¶ 30 and 40-46. Moor was employed by Complete Auto Recovery Services, Inc. d/b/a C.A.R.S. ("C.A.R.S.") during the attempted repossession and C.A.R.S. sent Moor to Davis' house upon receiving TMCC's request to repossess Davis' motor vehicle. *Id.* at ¶ 30. TMCC held a security interest in Davis' motor vehicle. *Id.* at ¶ 27.

At the time that TMCC requested repossession of the consumer goods and at all time during which the repossession occurred, neither C.A.R.S. or Charles Moor ("Moor") were

1

registered to undertake any business in the state of Maryland and were not licensed as collection agencies in the state of Maryland. *Id.* at ¶¶ 7-9. TMCC sent C.A.R.S. on a mission to trespass on Davis' personal and real property by requesting repossession of the motor vehicle. Accordingly, TMCC violated numerous statutes and committed multiple torts when C.A.R.S. and Moor entered onto Davis' real property, took possession of the motor vehicle and physically injured Davis while unlawfully on her property.

All of the facts relevant to this case arise out of TMCC's wrongful action in attempting to repossess a motor vehicle through a collection agency that was not licensed to undertake business in Maryland. In other words, C.A.R.S. and Moor would not have had the opportunity to enter Davis' real property, take possession of personal property or physically attack Davis if TMCC would not have contracted with C.A.R.S. to repossess the motor vehicle.

There are three central questions the Court must resolve:

1) **Whether TMCC is liable for the actions and intentional torts of C.A.R.S. and Moor in attempting to repossess Davis' motor vehicle?**

2) **Whether an individual or entity repossessing a motor vehicle in Maryland is required to be licensed as a "collection agency" under Maryland law?**

3) **Whether Davis alleged conduct by Defendants that made the repossession of the motor vehicle objectionable?**

As will be explained in more detail below - 1) TMCC is liable for the actions and intentional torts of C.A.R.S. and Moor while attempting to repossess Davis' motor vehicle, 2) Maryland law requires any person or entity repossessing a motor vehicle to be licensed as a "collection

agency[,]" and 3) Davis alleged objectionable conduct by Defendants while attempting to repossess the motor vehicle.[1]

## II. STANDARD OF REVIEW

TMCC filed this Motion to Dismiss on the grounds that Davis failed to state a claim upon which relief can be granted. ECF #3; FED. R. CIV. P. 12(b)(6). Under FED. R. CIV. P. 12(b)(6), a party moving for dismissal must show that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). The Court must accept the plaintiff's factual allegations as true, and draw all reasonable inferences in plaintiff's favor. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999) ("a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses").

Following the Supreme Court's ruling in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." As long as a claim has been stated, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. (*quoted in Goodman v. Praxair*, 494 F.3d 458, 466 (4th Cir. 2007)). Accordingly, to withstand the motion a party need only allege facts that, if proven, would entitle her to relief.

---

[1] Davis filed an Amended Complaint in which she removed portions of Count Four (Maryland Consumer Debt Collection Act) and all of Counts Seven (Assault) and Nine (Intentional Infliction of Emotional Distress). In the Amended Complaint, Davis also added a new Count Seven (Trespass). ECF #7.

## III. ARGUMENT

### a. TMCC is Liable for the Actions and Intentional Torts of C.A.R.S. and Moor in Attempting to Repossess Davis' motor vehicle

TMCC asserts that Davis failed to allege an agency relationship between TMCC and C.A.R.S. precluding TMCC from liability on all counts. ECF #3-1 at 5-7. TMCC failed to consider, however, that: 1) an agency relationship existed between TMCC and C.A.R.S. and that agency is an issue of fact for the jury to determine; and 2) TMCC has a non-delegable duty of care in repossessing motor vehicles. Therefore, TMCC is liable for C.A.R.S.' statutory violations and intentional torts in repossessing Davis' motor vehicle.

#### 1. Respondent Superior/Agency

TMCC argues that it is not vicariously liable for the acts of C.A.R.S. or Moor because there was no agency relationship between TMCC and C.A.R.S. or TMCC and Moor. ECF #3-1 at 5-7. As TMCC acknowledges in its Motion, an agency relationship can be demonstrated through a written agreement or by the actions of the parties. Since there has been no discovery, it would be premature to determine whether or not there was a written agreement describing the relationship between TMCC and C.A.R.S. In addition, the allegations of the Complaint are sufficient at this stage to withstand a motion to dismiss because C.A.R.S. was acting within its authority as agent of TMCC in entering Davis' real property and taking possession of Davis personal property. ECF #7 at ¶ 29 ("Defendant TMCC hired C.A.R.S. to repossess the vehicle from Plaintiff Davis "); *see* Dan B. Dobbs, The Law of Torts, Ch. 37 §§ 426-429 (2nd ed. 2011). All of the actions that took place during the repossession took place pursuant to TMCC's request to repossess the motor vehicle.

TMCC also asserts that there is no allegation that TMCC had "any direct control or direction . . . over the manner in which C.A.R.S. would repossess the Vehicle" or that the Co-Defendants "owed a duty 'to act primarily for the benefit of' TMCC." This assertion is objectively absurd. If TMCC was not in control over the manner in which C.A.R.S. could repossess the motor vehicle, than who was? If C.A.R.S. was not contracted to "act primarily for the benefit of TMCC[,]" who else could have benefited from the repossession other than TMCC?

The determination of whether the relationship between parties is one of agent or independent contractor can only be determined after an opportunity for discovery on the highly fact intensive issue. For this reason and because Davis sufficiently plead an agency relationship, summary judgment is a better vehicle to resolve this issue.

## 2. TMCC has a Non-delegable Duty of Care in Repossession

Even if the Court were to find at this early stage that there are no set of facts that could support an agency relationship between TMCC and C.A.R.S. or TMCC and Moor, TMCC would still be liable for the acts of C.A.R.S. and Moor as an independent contractor because the duty of care in repossession is non-delegable. As a general rule, a company is not liable in tort for the actions of an independent contractor. ECF #3-1 at 7 (*citing Kersten v. Van Grack, Axelson, Williamowsky, P.C.*, 92 Md. App. 466, 608 A.2d 1270 (1992). An exception to this general rule is when the work contracted for is of the kind which the company should recognize as likely to create a particular risk of physical harm to others, unless special precautions are taken. *Hester v. Bandy*, 627 So. 2d 833, 842 (Miss. 1993) (holding that "when one employs another to perform a task in which a serious danger to person or property, a crime, or some tort can reasonably be anticipated in its performance, it is no defense to say the act causing the harm was committed by

5

an independent contractor"); *General Finance Corp. v. Smith*, 505 So. 2d 1045, 1047-8 (Ala. 1987) (holding that statutory right to enter real property and take possession of personal property without the need for judicial process must be done without a breach of the peace and a creditor is liable for the independent contractors breach of peace while repossessing personal property); *see generally* Restatement (Second) of Torts § 424 ("One who by statute or by administrative regulation is under a duty to provide specified safeguards or precautions for the safety of others is subject to liability to the others for whose protection the duty is imposed for harm caused by the failure of a contractor employed by him to provide such safeguards or precautions") and § 427 ("One who employs an independent contractor to do work which the employer knows or has reason to know to be likely to involve a trespass upon the land of another... is subject to liability for harm resulting to others from such trespass").

The *Maryland Uniform Commercial Code* ("MUCC"), MD. CODE ANN., COMM. LAW § 9-609 states that "[a]fter default, a secured party: (1) May take possession of the collateral . . . [w]ithout judicial process, if it proceeds without breach of the peace." The Official Comments to Article 9 on the UCC state that courts, in considering whether a secured party has engaged in a breach of the peace, should hold the secured party responsible for the acts of others taken on the secured party's behalf, including independent contractors engaged by the secured party to repossess the property. U.C.C. § 9-609 cmt. 3; U.C.C. § 9-625 cmt. 3 ("A person who has delegated the duties of a secured party but who remains obligated to perform them is liable under this subsection"). The MUCC § 9-609 duty not to breach the peace is exactly the type of activity that requires special precaution due to a high risk of physical harm.[2] *Rand v. Porsche Fin.*

---

[2] This same rationale applies to an independent contractor hired by an independent contractor that was hired by the creditor. In other words, it does not matter how many times the repossession was reassigned after TMCC

6

*Services*, 167 P.3d 111 (Ariz. Ct. App. 2007) (duty not to breach peace is non-delegable, so creditor is liable for independent contractor's intentional tort); *Thrash v. Credit Acceptance Corp.*, 821 So.2d 968 (Ala. 2001) (credit has non-delegable duty to avoid breach of peace and unlawful torts); *Nichols v. Metro. Bank*, 435 N.W. 2d 637 (Minn. Ct. App. 1989).

Similarly, Maryland Credit Grantors Closed End Credit Provisions, ("CLEC"), MD. CODE ANN., COMM. LAW § 12-1021 (emphasis added) states that a "credit grantor may repossess tangible personal property securing a loan . . . if the consumer borrower is in default . . . only by[ s]elf-help, *without use of force*." In addition, CLEC § 12-1021 specifically provides that the credit grantor is not authorized to violate the criminal law in repossessing personal property. CLEC § 12-1021 is identical to MUCC § 9-609 in that it allows self-help repossession by the creditor but only under circumstances that would not breach the peace (*i.e.* "without the use of force" and without violating any criminal laws). Accordingly, a creditor is always liable for an independent contractor's breach of the peace, use of force and violation of criminal law during a repossession because the duty not to undertake these types of behaviors during a repossession is non-delegable.

As explained in greater detail below, Davis alleged that C.A.R.S. and Moor breached the peace, used force and violated criminal laws during the repossession. Therefore, TMCC is liable to Plaintiff for the actions and intentional torts of C.A.R.S. and Moor under the non-delegable duty doctrine.

---

contracted with C.A.R.S. due to the nature of the non-delegable duty of care related to repossessions. This argument has been raised and rejected because the non-delegable duty remains intact no matter how many times the request to repossess is assigned down the line to another third-party. *See Allstate Ins. Co. v. Ford Motor Credit Co.*, 62 U.C.C. Rep. Ser. 2d 933 (10th Cir. 2007) (actions of repossession man hired by independent repossession company hired by creditor are actions of the creditor); *Clark v. Associates Commercial Corp.*, 877 F. Supp. 1439 (D. Kan. 1994) (finding that creditor subject to liability for breach of peace by independent contractor hired by independent contractor it hired); *Geeslin v. Nissan Motor Corp. v. Loss Recovery Inc.*, 1998 WL 433932 (N.D. Miss. Jun. 3, 1998) (same).

### b. C.A.R.S. was Required to be Licensed as a "[C]ollection [A]gency" under Maryland law

C.A.R.S. and Moor's right to enter on to Davis' real property and to take possession of Davis' personal property was subject to the legal requirement that C.A.R.S. and/or Moor be licensed as a "collection agency" under Maryland law. Since C.A.R.S. and Moor did not have a "collection agency" license, they had no right to enter Davis' property and had no right to take possession of Davis' personal property even prior to the physical altercation..

Davis does not oppose TMCC's right to repossess her motor vehicle due to the default in repaying her loan obligation owed to TMCC. ECF #7 at ¶ 29. Therefore, TMCC did have a right to repossess the motor vehicle from Davis and also had the limited right to enter onto Davis' real property to accomplish the repossession without a breach of the peace, the use of force or a violation of the criminal law. CLEC § 12-1021. Rather than repossessing the motor vehicle through its own employees, TMCC contracted with C.A.R.S. to undertake the repossession. ECF #7 at ¶ 29. TMCC cannot provide C.A.R.S. or Moor the right to enter onto Davis' real property or the right to take possession of Davis' property. C.A.R.S. and/or Moor could only enter Davis' real property and take possession of her personal property if Davis provided C.A.R.S. or Moor permission or by operation of Maryland law. Davis did not allege that she gave her permission to enter onto her real property or to take possession of her personal property.

Maryland law provides a "collection agency" the right to collect debts on behalf of creditors only when the "collection agency" obtains the proper license from the Commissioner of Financial Regulation's State Collection Agency Licensing Board. MD. CODE ANN., BUS. REG. §§ 7-101 *et seq*. Collecting debts without a "collection agency" license subjects the person or entity to a criminal fine and up to six months of imprisonment. § 7-401.

8

TMCC claims that C.A.R.S. and Moor did not need a "collection agency" license because C.A.R.S. and Moor were acting as "an 'enforcer' of a credit obligation, not a 'collector' or 'collection agency.'" ECF #3-1 at 9-11. A "collection agency" is defined as "a person who engages directly or indirectly in the business of . . . collecting for, or soliciting from another, a consumer claim[.]" MD. CODE ANN., BUS. REG. §§ 7-101(c)(1)(i). A "consumer claim" is a "claim that: (1) is for money owed or said to be owed by a resident of the State; and (2) arises from a transaction in which, for a family, household, or personal purpose, the resident sought or got credit, money, personal property, real property, or services." § 7-101(e). TMCC does not challenge that Davis' loan obligation was a "consumer claim." In short, any entity that is not specifically excluded from the licensing requirement (Section 7-102(b)) must be licensed as a "collection agency" when it engages in collecting a "consumer claim[.]"

The allegations of the Complaint make clear that Davis owed money to TMCC and in order to collect some of that money, TMCC contracted with C.A.R.S. to repossess the motor vehicle as part of its efforts to collect the money owed. Regardless of how this Court interprets the term "collecting" as it is used in § 7-101(c)(1)(i), C.A.R.S. was clearly taking part in the "collection" of a "consumer claim" and was required to obtain a "collection agency" license.[3] Due to C.A.R.S. failure to obtain a "collection agency" license, C.A.R.S. and Moor had no legal basis to enter Davis' real property or possess Davis' personal property at any time.

---

[3] It is noteworthy to mention that although TMCC refers to C.A.R.S. as an "enforcer" of a security interest under § 7-101(c)(1), the term "enforcer" does not appear anywhere in this Title. In addition, C.A.R.S. subjectively understood the need to obtain a "collection agency" license under Maryland law because public records indicate that C.A.R.S. previously applied for and obtained a "collection agency" license from the Commissioner of Financial Regulation that had expired well before the repossession in question took place. *See* https://www.dllr.state.md.us/cgi-bin/fin_reg_el/rel2/FinReg_search.cgi?calling_app=Query::PQ_company1 (last visited October 14, 2016) (identifying Donald L. Gray with trade name CARS Complete Auto Recovery Service as holding a "collection agency" license that was active from August 27, 1996 through May 13, 2011 but not identifying any other Defendant as applying for or holding a "collection agency" license at any time).

### c. Davis Alleged Objectionable Conduct Supporting the Counts Contained in the Complaint

#### 1. Breach of Peace (Count #1)/Credit Grantors Closed End Credit Provisions (Count #3)

TMCC asserts that Davis failed to alleged causes of action for Breach of Peace or under CLEC. TMCC asserts that there is no recognized tort for Breach of Peace in the state of Maryland and that even if it were, it would be barred by statute of limitations. ECF #3-1 at 7-8. The tort of Breach of Peace has long existed as a tort under Maryland law (*Maddran v. Mullensore*, 206 Md. 291, 299 (Md. 1955)) and was expressly adopted as the standard of care that must be used by any individual attempting to repossess personal property in Maryland. *Maryland Uniform Commercial Code* ("MUCC"), MD. CODE ANN., COMM. LAW § 9-609. Every state to have considered the issue has allowed Plaintiffs to pursue claims for breach of the peace related to the repossession of personal property. A breach of peace occurs when there is use of bodily force, trespass or a violation of the criminal law. E. Mikolajczyk, *Breach of Peace and Section 9-503 of the UCC--Modern Definition for an Ancient Restriction*, 82 Dick. L. Rev. 351 (1981). Davis alleged that TMCC breached the peace when C.A.R.S. and/or Moor used bodily force against her (ECF #7 at ¶¶ 36-46) (*Brees v. Courtesy Ford, Inc.*, 45 Fed. Appx. 711 (9th Cir. 2002) (finding that shouting, pushing, shoving and hitting consumer is breach of peace), *Calloway v. Whittenton*, 52 U.C.C. Rep. Serv. 2d 525 (Ala. 2003) (use of physical force to overcome debtor's attempt to prevent repossession is breach of peace)), trespassed on her property (ECF #7 at ¶¶ 8-9, 33-5 and 39) and violated the criminal law (ECF #7 at ¶¶ 8-9, 33-5, 39-41, and 45-6) (MD. CODE ANN., BUS. REG. § 7-401 (violating "collection agency" licensing law is a misdemeanor punishable by six months imprisonment), CLEC § 12-1017 (violating

CLEC is a misdemeanor punishable by one year imprisonment), MD. CODE ANN., CRIM. LAW §§ 3-202 through 3-204 (causing or attempting to cause physical injury to another is punishable by up to twenty five years imprisonment) and MD. CODE ANN., CRIM. LAW § 6-403 (trespassing on private property is a misdemeanor subject to ninety days imprisonment).[4]

In addition, TMCC asserts that Davis failed to state a claim under CLEC because TMCC believes that a violation of CLEC's repossession provisions only allows a consumer to the remedy provided for under CLEC § 12-1021(k)(4) and not the remedies provided for under CLEC § 12-1018. ECF #3-1 at 11-3. TMCC's argument is not supported by any case ever decided under CLEC. Contrary to TMCC's argument, if a consumer alleges a violation of CLEC (*i.e.* the use of force) the consumer is entitled to the statutory damages provided for under CLEC § 12-1018. CLEC § 12-1018(a)(2) states that "if a credit grantor violates any provision of this subtitle the credit grantor may collect only the principal amount of the loan and may not collect any interest, costs, fees, or other charges with respect to the loan." Both Maryland's Court of Appeals, this Court and the Fourth Circuit Court of Appeals have all read CLEC § 12-1018 to apply to a violation of CLEC's repossession provision. *Patton v. Wells Fargo Financial Maryland Inc.*, 85 A.3d 167 (Md. 2014); *Bediako v. American Honda Finance Corp.*, 2013 WL 3943183 (4th Cir. 2013). The Fourth Circuit Court of Appeals has, however, limited consumers to the statutory damages provided for under CLEC § 12-1018 in circumstances in which the credit grantor recovered more than the principal amount of the loan. *Bediako*. TMCC has

---

[4] TMCC also argued that the Breach of Peace cause of action was barred by Maryland's one year statute of limitation applicable to criminal misdemeanors. ECF #3-1 at 7-8. This argument was based on the assumption that Davis was attempting to bootstrap a criminal law statute as a civil cause of action. As explained herein, that is not what Davis has alleged. Therefore, TMCC's argument that a one year criminal code statute of limitations does not apply to this cause of action and the Breach of Peace cause of action is not otherwise time barred.

provided no evidence here that it has recovered less than the principal amount of the loan and therefore has failed to demonstrate at this time that the CLEC cause of action is subject to dismissal.

### 2. Conversion (Count #2)/Trespass to Chattel (Count #6)

TMCC asserts that Davis' cause of action for Conversion and Trespass to Chattel each fail because TMCC "was entitled to repossess the Vehicle, because Davis defaulted on a purchase money loan secured against that car." ECF #3-1 at 8-9. Unfortunately for TMCC, this is only a partial recitation of Maryland law. Conversion "is any distinct act of ownership or dominion exerted by one person over the personal property of another in denial of his right or inconsistent with it." *Interstate Insurance Company v. Logan*, 205 Md. 583, 588-89, 109 A.2d 904 (1954). Although Maryland law provided TMCC the right to repossess Davis' vehicle upon her default under the credit agreement, Maryland law limits this right to situations in which there is no "use of force" or violation of criminal law. CLEC § 12-1021; *Marcus v. McCollum*, 394 F.3d 813, 820 (10th Cir. 2004) ("If a breach of peace occurs, self-help repossession is statutorily precluded"). After the credit grantor or its agents/contractors use force or violate any criminal law, the credit grantor's present right to possession is terminated and CLEC does not allow the repossession of the personal property. 9 Hawkland, Uniform Commercial Code Series § 9-503:3 (2011) ("[i]f the secured party, or a third party repossessing for the secured party, causes a breach of peace while repossessing the collateral, the repossession will be wrongful, and the debtor may sue the secured party in conversion for return of the collateral or damages"); *Clark v. Assocs. Commercial Corp.*, 877 F. Supp. 1439, 1450 n. 9 (D. Kan. 1994) (quoting 68A American Jurisprudence 2d, Secured Transactions, Section 622) ("'Generally, when the creditor, by self-

help, repossesses the collateral by a breach of peace, the creditor is liable for trespass and conversion'"); *McCall v. Owens*, 820 S.W.2d 748, 752 (Tenn. App. 1991) ("When the repossessor uses force and breaches the peace, the repossessor may be liable for trespass, conversion, assault and battery and other torts").

Davis alleged that Defendants breached the peace and used force in repossessing the motor vehicle. ECF #7 at ¶¶ 8-9, 33-46. Accordingly, TMCC's assertion that it had the right to repossess the vehicle due to default fails as a matter of law due to the alleged breach of peace/use of force/violation of criminal law during the repossession. Davis has stated a claim for both Conversion and Trespass.

### 3. Maryland Consumer Debt Collection Act (Count #4)/Maryland Consumer Protection Act (Count #5)

TMCC asserts that C.A.R.S. is not a "collector" as defined by the MCDCA and therefore TMCC cannot be held liable for any damages under the MCDCA. ECF #3-1 at 14. This argument fails because TMCC is a "collector" under the MCDCA. MCDCA § 14-201 defines a "collector" as "a person collecting or attempting to collect an alleged debt arising out of a consumer transaction." The terms "person" and "consumer transaction" are defined terms under the MCDCA. "Person" includes "individual[s and]corporation[s.]" "Consumer transaction" includes any "involving a person seeking or acquiring real or personal property, services, money, or credit for personal, family, or household purposes." Davis owed a debt to TMCC and TMCC was attempting to collect on the debt when it attempted to repossess Davis' motor vehicle. *Marchese v. JP Morgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 464-64 (D. Md. 2013) (quoting *Cohn v. Charles*, 857 F. Supp. 2d 544 (D. Md. 2012)) (finding the original creditor/mortgage lender to meet the definition of "collector" under the MCDCA for actions taken by a substitute

trustee in a foreclosure action because the substitute trustee attempting to enforce the security interest and the original creditor attempting to collect on the debt are "'effectively one and the same'"). Unlike the Fair Debt Collection Practices Act, which generally excludes original creditors from coverage as a "debt collector[,]" original creditors such as TMCC are considered a "collector" under MCDCA even when they are attempting to collect their own debts. *Marchese*, 917 F. Supp. 2d at 463-64 (finding the original creditor/mortgage lender to meet the definition of "collector" under the MCDCA); *Hamilton v. Ford Motor Credit Company*, 502 A.2d 1057, (Md. App. 1986) (holding Ford Motor Credit Company liable under MCDCA even though it was the original auto lender collecting its own debt).

TMCC also argues that it was not attempting to collect a debt, but rather, enforcing a security interest when it repossessed Davis' motor vehicle. This argument fails because enforcing a security interest is an attempt to collect a debt under MCDCA because there is no requirement that the "collector" make a demand for payment. *Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 123 (4th Cir. 2014). Rather, an "attempt to collect a debt" which is a phrase used in both the FDCPA and MCDCA has been determined to include a foreclosure action attempting to enforce a deed of trust that did not request any demand for payment. *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 378 (4th Cir. 2006); *McCray v. Federal Home Loan Mortgage Corporation*, ___ F.3d ___ (4th Cir. 2016) (holding that "actions in pursuing foreclosure constituted a step in collecting debt and thus debt collection activity"). TMCC's action in repossessing Davis' motor vehicle similarly "constituted a step in collecting debt" thus TMCC is a "collector" under the MCDCA and subject to liability for the use of force or violence in repossessing the motor vehicle. MCDCA § 14-202(1). In addition, TMCC made no separate

argument related to Davis' Maryland Consumer Protection Act (Count V) cause of action other than it is derivative of the MCDCA claim. If the Court denies the Motion with respect to the MCDCA claim, the Court must also deny the Motion with respect to the MCPA claim.

   4.   **Battery**

TMCC asserts that it is not liable for the Battery cause of action because the acts of C.A.R.S. and Moor were outside the scope of employment between TMCC and C.A.R.S. As explained herein, because repossessing a vehicle is the type of action that is likely to result in a particular risk of physical harm to others, the statutory duty not breach the peace or use force is non-delegable. *See supra* at III(a)(2). For this reason, creditors are often found liable for the use of force/breach of peace of its contracting repossession agent/contractor. U.C.C. § 9-609 cmt. 3 (stating that courts should hold the secured party responsible for any breach of peace undertaken by others acting on the secured party's behalf, including independent contractors engaged by the secured party to repossess the property); *Clark v. Assocs. Commercial Corp.*, 877 F. Supp. 1439, 1450 n. 9 (D. Kan. 1994) (quoting 68A American Jurisprudence 2d, Secured Transactions, Section 622) ("'Generally, when the creditor, by self-help, repossesses the collateral by a breach of peace, the creditor is liable for trespass and conversion'"). Davis alleged that there was a breach of peace and a use of force during the repossession (ECF #7 at ¶¶ 36-46). Therefore, TMCC assertion that C.A.R.S. was acting outside the scope of employment has no merit and no relevance to the actions that took place during the repossession since the duty to not breach the peace or use force is non-delegable.

### 5. Punitive Damages are Recoverable Against TMCC

TMCC argues that Davis failed to assert sufficiently detailed allegations of "actual malice" to entitle Davis to pursue punitive damages. ECF #3-1 at 18-20. For support, TMCC cites only to the allegations contained in the Counts of the Compliant. TMCC fails to read the entirety of the allegations supporting "actual malice" and a punitive damages award in this case.

Punitive damages are recoverable under Maryland law for torts that were undertaken with "actual malice" defined as "ill will, fraud, intent to injure, or other *mens rea* exhibiting an evil motive or purpose." ECF #3-1 at 19 (quoting *Montgomery Ward v. Wilson*, 339 Md. 701, 728-29 n.5, 664 A.2d 916, 929-30 n.5 (1995)). The Maryland Court of Appeals has specifically held that punitive damages are available for a conversion claim when the property is converted "with a consciousness of the wrongfulness of that conversion[.]" *Darcars v. Borzym*, 841 A.2d 828 (Md. 2004). Davis alleged that Moor viciously attacked her in front of her house with a metal pipe during the course of the repossession. ECF #7 at ¶¶ 36-46 (including swinging and striking a metal pipe at her body on several occasions and pushing her down to the ground onto a brick border). These allegations certainly rise to the level of "actual malice" as they tend to prove an "intent to injure" Davis and are sufficient to support punitive damages for Counts alleging Breach of Peace, Conversion, Trespass, Battery and Intentional Infliction of Emotional Distress.

TMCC is not absolved for Moor's actions during the repossession that TMCC was responsible to undertake. Rather, TMCC had a non-delegable duty to repossess the vehicle without a breach of the peace/use of physical force/violation of criminal law. TMCC must be held responsible for the acts of its repossessors including any punitive damages awarded in order to "motivate [the creditor] to take additional precautions to prevent future violent

repossessions[.]" *Clark v. Assocs. Commercial Corp.*, 877 F. Supp. 1439, 1450 n. 9 (D. Kan. 1994); *Steichen v. First Bank Grand*, 372 N.W.2d 768, 772-73 (Minn. 1985) (reversing lower court's decision to dismiss punitive damages claims against the creditor for actions of a repossessor).

**IV.     CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests the Court enter an order denying Defendant TMCC's Motion to Dismiss.

Respectfully submitted,

Dated: October 24, 2016                                          /s/
Cory L. Zajdel, Esq. (Fed. Bar No. 28191)
Z LAW, LLC
2345 York Road, Ste. #B-13
Timonium, MD 21093
(443) 213-1977
clz@zlawmaryland.com

David Ellin (Fed. Bar No. 25128)
Law Office of David Ellin P.C.
154 Westminster Pike
Reisterstown, MD 21136
(410) 833-0044
ellinlaw@aol.com

Attorneys for Plaintiffs