IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHELLE DAVIS,

    Plaintiff

v.                                               CIVIL NO. JKB-16-3079

COMPLETE AUTO RECOVERY
SERVICES, INC., *et al.*,
    **Defendants**

## MEMORANDUM AND ORDER

*I. Background*

Michelle Davis filed this suit claiming Toyota Motor Credit Corporation ("TMCC"), Complete Auto Recovery Services, Incorporated ("C.A.R.S."), Stewart Gray, and Donald Gray (collectively, "Defendants") committed various wrongs against her in relation to the repossession of her automobile. (Compl., ECF No. 1.) She claimed one or all of the Defendants had committed torts, had breached her contract with TMCC, and had violated various Maryland statutes. Within the time permitted by Federal Rule of Civil Procedure 15(a) for amending the complaint once as a matter of course, Davis filed an amended complaint, which made relatively minor changes in the pleading. (ECF No. 7.) Following TMCC's motion to dismiss (ECF No. 14), the Court dismissed seven out of eight counts in the complaint and dismissed TMCC from the case entirely based on Davis's failure to state a claim for relief. (ECF Nos. 19 and 20.) The Court's memorandum opinion is incorporated here by reference.

After the Court entered a scheduling order (ECF No. 25), Davis filed a motion for leave to file a second amended complaint (ECF No. 28), which was opposed by TMCC (ECF No. 29).

Then, Davis's counsel moved to stay all deadlines (ECF No. 30) pending a subsequently filed motion to withdraw as her counsel (ECF No. 33), and the Court granted both motions, while denying without prejudice the motion for leave to file a second amended complaint (ECF Nos. 31, 34). Another attorney filed a notice of appearance on behalf of Davis (ECF No. 36) and a consent motion for an extension of time to file a motion for leave to file a second amended complaint (ECF No. 37), which was granted (ECF No. 38).

Now pending before the Court is Davis's motion for leave to file a second amended complaint (ECF No. 40), which is opposed by Defendants (ECF Nos. 43, 44). Davis has filed no reply. No hearing is required. Local Rule 105.6 (D. Md. 2016). The motion will be denied.

## *II. Standard for Motion to Amend*

In the circumstances presented here, when a plaintiff's motion is filed within the deadline that has been set in a scheduling order for filing motions for amendment of pleadings, a motion for permission to amend the complaint is governed by Rule 15(a), which directs the Court to "freely give leave when justice so requires." The Fourth Circuit has stated that leave to amend under Rule 15(a) should be denied only in three situations: when the opposing party would be prejudiced, when the amendment is sought in bad faith, or when the proposed amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). A proposed amendment is considered futile if it cannot withstand a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

## *III. Analysis*

The essence of Davis's proposed amendment is that she was not in default of her car loan and, therefore, TMCC had no right to repossess her car. From those new allegations flows her attempt to resurrect her counts previously dismissed for failure to state a claim for relief.

2

The Court concludes her turnabout from the premise of her prior amended complaint—that TMCC determined she was in default, a fact she never disputed—is in bad faith. This is especially so in light of the following unequivocal assertion in her opposition to the earlier motions to dismiss:

> Davis does not oppose TMCC's right to repossess her motor vehicle **due to the default** in repaying her loan obligation owed to TMCC. ECF #7 at ¶ 29. Therefore, **TMCC did have a right to repossess the motor vehicle from Davis** and also had the limited right to enter onto Davis' real property to accomplish the repossession without a breach of the peace, the use of force or a violation of the criminal law.

(Pl.'s Opp'n to Mot. Dismiss 8, ECF No. 8 (emphasis added).)

This unambiguous concession was made in an effort to persuade the Court that, even though she was in default and TMCC had a right to repossess her automobile, that right did not extend to the entity with whom TMCC contracted to effectuate the repossession. Although her argument on that point proved unsuccessful, it is clear to the Court that her concession on a key factual point of the case is appropriately regarded as a judicial admission.

> A judicial admission is usually treated as absolutely binding, but such admissions go to matters of fact which, otherwise, would require evidentiary proof. They serve a highly useful purpose in dispensing with proof of formal matters and of facts about which there is no real dispute. Once made, the subject matter ought not to be reopened in the absence of a showing of exceptional circumstances, but a court, unquestionably, has the right to relieve a party of his judicial admission if it appears that the admitted fact is clearly untrue and that the party was laboring under a mistake when he made the admission.

*New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963).

Thus, judicial admissions can be affirmative statements that a fact exists and they can also "include intentional and unambiguous waivers that release the opposing party from its burden to prove the facts necessary to establish the waived conclusion of law." *Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261, 264-65 (4th Cir. 2004). Consequently, counsel's

3

deliberate, clear, and unambiguous statement amounts to a judicial admission "that bind[s] *the conceding party* to the representations made." *Id.* at 265 n.2. A judicial admission is conclusive in the case unless the Court allows it to be withdrawn. *Id.* at 264.

When confronted with Defendants' arguments on this crucial point, Davis filed no reply. Consequently, she has failed to show "exceptional circumstances . . . that the admitted fact is clearly untrue and that the party was laboring under a mistake when [s]he made the admission." *Waller*, 323 F.2d at 24. In the absence of such a showing, the Court will not permit Davis to withdraw her judicial admission.

In addition, Davis purports to amend her complaint on the issue of whether C.A.R.S. was acting as an agent of TMCC, an argument previously found unsupported in the prior complaint. Her effort is unmeritorious since she has merely advanced conclusional allegations of agency. Likewise, her bare allegations of aiding and abetting and conspiracy are insufficient to permit a reinstatement of her counts relying on those theories. Similarly, she has failed to allege a viable claim of breach of contract by TMCC and her corresponding contention of tortious conduct arising from an alleged breach of contract is without merit. Thus, in these respects, her proposed amended complaint is futile.

## *IV. Conclusion*

The Court concludes Davis's proposed amendment to her complaint is in bad faith and, further, that Defendants would be prejudiced by the necessity to litigate a fact previously conceded by Davis. Amendment of her complaint is otherwise futile.

For the foregoing reasons, the Court DENIES Davis's motion for leave to file a second amended complaint (ECF No. 40). This case shall proceed under the scheduling order previously entered.

4

DATED this  15  day of December, 2017.

BY THE COURT:

_James K. Bredar_
James K. Bredar
Chief Judge