# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MICHELLE DAVIS,** | * | |
| **Plaintiff** | * | |
| v. | * | CIVIL NO. JKB-16-3079 |
| **COMPLETE AUTO RECOVERY SERVICES, INC.,** *et al.*, | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

This case arises out of an alleged repossession gone wrong. Plaintiff Michelle Davis contends that an individual who repossessed her car in 2013 violently attacked her during the repossession. Although this case at one time involved numerous claims and numerous defendants, the only remaining claim is for battery and the only remaining defendants are Complete Auto Recovery Services ("CARS")—the company that carried out the repossession—and two CARS shareholders, Stewart and Donald Gray (collectively, "Defendants").

Now pending before the Court are the Defendants' Motion to Dismiss (Mot. Dismiss, ECF No. 87) and Motion for Summary Judgement (M.S.J., ECF No. 89). The motions are fully briefed. No hearing is required. *See* Local Rule 105.6 (D. Md. 2018). The Court will grant Defendants' motion for summary judgment and deny Defendants' motion to dismiss as moot.[1]

## I. *Factual Background*

---

[1] Although the Court does not address the merits of Defendants' motion to dismiss, it notes that the issues it raises regarding Plaintiff's refusal to sit for a court-ordered independent medical examination are troubling and potentially sanctionable. *See* Fed. R. Civ. P. 37(b) (failure to comply with a court order can result in sanctions, including dismissal).

On October 21, 2013, Charles Moor went to Plaintiff's home to repossess her Toyota Camry. (Moor Depo. at 13:3–8;[2] Repossession Order at 1, Defs. Ex. 1, ECF No. 89.) Moor had been sent to carry out the repossession by CARS, a Delaware-based corporation that carries out repossessions on behalf of automobile companies like Toyota. (Moor Depo. at 10:20–21; CARS Business Record, Pl. Ex. 3, ECF No. 92-3; Repossession Order at 1.)

Plaintiff alleges that during the repossession, Moor violently assaulted her. (Am. Compl. ¶¶ 39–51, ECF No. 7.) Specifically, she contends that after Moor arrived at her home, he "began screaming obscenities" at her and "striking [her] on her body with a red object that appeared to be a metal pipe." (Id. ¶¶ 39, 40.) At one point, she asserts, he "pushed [her] down onto a brick border and struck her head violently against it." (Id. ¶ 46.) Plaintiff contends she did nothing to provoke the violent attack. (Id. ¶¶ 31–51.)

Plaintiff does not sue Moor; she sues CARS and two of its shareholders, Stewart and Donald Gray. (See Am. Compl.) Plaintiff contends Defendants are liable under either the doctrine of respondeat superior or because they were negligent in hiring and supervising Moor. (Opp'n M.S.J. at 3–4, ECF No. 92-2.)

## II. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the non-moving party, then a

---

[2] The parties only electronically filed short excerpts from the depositions in this case, but they did provide complete versions of the depositions in hardcopy to chambers. Several citations in this memorandum, including this one, refer to portions of these depositions only contained in the hardcopies.

genuine dispute of material fact exists, and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party must go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## III. Analysis

Defendants have sufficiently shown there is no genuine dispute of material fact as to whether they are liable for battery. Put simply, Plaintiff has produced no evidence that a battery occurred: Plaintiff did not provide a sworn account of her version of events (in the form of a deposition or a sworn affidavit); she declined to sit for an independent medical exam to corroborate her alleged injuries; and she did not provide any testimony from witnesses to corroborate her account. The only thing in the record to support her contention that Moor violently attacked her on October 21, 2013 are the allegations in her complaint.[3] Because a plaintiff cannot rest only on the pleadings at the summary judgment stage, *see Celotex*, 477 U.S. at 324, Defendants are entitled to summary judgment.

This absence of supporting evidence is a sufficient basis on which to grant Defendants' motion for summary judgment, but the Court will also briefly address the main issue that the parties focused on in the summary judgment briefing and which further stands in the way of Plaintiff's recovery. With respect to Plaintiff's theory regarding respondeat superior liability, the Court agrees with Defendants that even if Plaintiff could prove Moor battered her, Defendants would not be liable because the attack alleged fell outside the "scope of [Moor's] employment." (M.S.J. at

---

[3] Indeed, the only evidence that Plaintiff cites in her brief opposing summary judgment are the depositions of Charles Moor and Stewart Gray—both of whom deny the alleged battery occurred—and a document concerning CARS's license to conduct repossessions. (Opp'n M.S.J. at 1–4.) These documents do not offer any support for Plaintiff's contention that Moor battered her during the repossession.

3

8–10.) Courts tend to hold that when an employee's conduct is "unprovoked, highly unusual, and quite outrageous," that conduct falls outside the scope of employment. *Sawyer v. Humphries*, 587 A.2d 467, 471 (Md. 1991) (citation omitted). The violent and unprovoked attack that Plaintiff describes here falls precisely into this category of conduct. *See, e.g., Tall v. Bd. of Sch. Comm'rs of Baltimore City*, 706 A.2d 659, 671 (Md. Ct. Spec. App. 1998) (concluding that a teacher's act of physically striking a disabled child was outside the scope of the teacher's employment).

In short, Plaintiff's battery claim has both evidentiary and legal deficiencies. Accordingly, the Court will grant Defendants' motion for summary judgment.

### IV. Conclusion

For the foregoing reasons, an Order shall enter granting Defendants' motion for summary judgment and denying Defendants' motion to dismiss as moot.

DATED this 4 day of February, 2020.

BY THE COURT:

James K. Bredar
Chief Judge